GUIDRY, J.
A discharged employee appeals the dismissal of her petition alleging racial and gender discrimination as being prescribed. Finding no error in the trial court's judgment, we affirm.
FACTS AND PROCEDURAL HISTORY
According to her petition, the plaintiff, Tammy L. Briggs, was hired as a cook at the Florida Parishes Juvenile Detention Center in 2006. On August 19, 2014, Ms. Briggs was terminated from her employment for violating Detention Center rules and procedures.[2] Ms. Briggs later filed an *439 Equal Employment Opportunity Commission (EEOC) complaint with the Louisiana Commission on Human Rights, alleging that her suspension and subsequent termination were premised on racial and gender discrimination.[3]
On August 19, 2015, the EEOC mailed a "Dismissal and Notice of Rights" letter to Ms. Briggs, notifying her that based on its investigation, it was unable to conclude that a violation had occurred. The letter also included the following "Notice of Suit Rights":
This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)
Ms. Briggs subsequently filed a petition against the Florida Parishes Juvenile Justice Commission and the Detention Center on December 8, 2015. After answering Ms. Briggs' petition, the defendants raised the objection of prescription by filing a peremptory exception, or in the alternative, motion for summary judgment. The defendants asserted that Ms. Briggs' claims of discrimination were subject to a one-year prescriptive period under La. R.S. 23:303(D), and as the last act of discrimination alleged by Ms. Briggs (her termination) occurred on August 19, 2014, her lawsuit filed on December 8, 2015, was untimely. Ms. Briggs opposed the objection of prescription, arguing that under jurisprudence interpreting La. R.S. 23:303(D), the prescriptive period applicable to her claims was 18 months, not one year.
The trial court heard the defendants' objection of prescription urged pursuant to a peremptory exception, or in the alternative, motion for summary judgment, on December 6, 2016. The trial court thereafter denied the alternative motion for summary judgment, but granted the defendants' peremptory exception urging the objection of prescription and dismissed Ms. Briggs' claims with prejudice in a judgment signed January 6, 2017. Ms. Briggs timely appealed the judgment sustaining the peremptory exception raising the objection of prescription.
DISCUSSION
The issue before us in this appeal is simply the legal question of whether the trial court properly interpreted and applied La. R.S. 23:303(D) to find Ms. Briggs' claims prescribed. That statute is found in the chapter known as the Louisiana Employment Discrimination Law (LEDL) and provides:
Any cause of action provided in this Chapter shall be subject to a prescriptive period of one year. However, this one-year period shall be suspended during the pendency of any administrative review or investigation of the claim conducted by the federal Equal Employment Opportunity Commission or the Louisiana Commission on Human Rights. No suspension authorized pursuant to this Subsection of this one-year *440 prescriptive period shall last longer than six months.
Relying on cases wherein the plaintiffs filed their petitions alleging discrimination beyond the 18-month maximum time period provided in La. R.S. 23:303(D), Ms. Briggs argues that her right to file suit on her claims did not prescribe until February 19, 2016. Thus, she contends that her petition, filed on December 8, 2015, was timely. Based on the plain language of the statutory provision, we disagree.
Section 303(D) expressly provides that the one-year prescription applicable to claims filed pursuant to the LEDL shall be "suspended during the pendency of any administrative review or investigation." (Emphasis added.) The effect of a suspension of prescription is provided in La. C.C. art. 3472, which provides "[t]he period of suspension is not counted toward accrual of prescription. Prescription commences to run again upon the termination of the period of suspension."
As recognized in the jurisprudence relied on by Ms. Briggs, the "maximum" amount of time that a plaintiff is afforded to file suit under Section 303(D) is 18 months; however, while such a time period is clearly provided in the statute, it is allowed only if the condition listed in the provision is also met. That condition is "the pendency of any administrative review or investigation of the claim conducted by the federal Equal Employment Opportunity Commission or the Louisiana Commission on Human Rights." (Emphasis added.)
The pendency of any administrative or investigative review of Ms. Briggs' claims ended on August 19, 2015. At that time, the suspension provided by La. R.S. 23:303(D) ended, and prescription commenced to run again on Ms. Briggs' claims. See La. C.C. art. 3472. Accepting Ms. Briggs' contention that she filed her claim with the EEOC on June 7, 2015,[4] the running of prescription on her claims, which had commenced on August 20, 2014, would have halted as of that date. Thus, at the time prescription was suspended on her claims, approximately 73 days remained of the one-year prescriptive period applicable to her claims.
Therefore, Ms. Briggs had 73 days in which to file her petition following her receipt of the EEOC's "Dismissal and Notice of Rights" letter. Even allowing additional days to account for her actual receipt of the letter, which was mailed on August 19, 2015, her petition, filed on December 8, 2015, was still well beyond the 73 days remaining of the prescriptive period applicable to her claims. To be timely, Ms. Briggs' petition needed to be filed no later than sometime in November 2015. As Ms. Briggs petition was not filed in November 2015, we likewise find that Ms. Briggs' right to file suit on her claims prescribed.
CONCLUSION
For the foregoing reasons, we affirm the judgment of the trial court dismissing the plaintiff's petition as prescribed. All costs of this appeal are cast to the appellant, Tammy L. Briggs.
AFFIRMED.

Ms. Briggs was charged with malfeasance based on her removing food items from the Detention Center without prior written authorization. She was also charged with failure to follow orders for neglecting on several occasions to stop by the control room to have her bags inspected before exiting the facility.

In her EEOC complaint, Ms. Briggs, an African American female, alleged that a Caucasian male co-worker had similarly removed food items, but was not discharged.

The copy of the EEOC complaint that appears in the record indicates that it was filed on August 13, 2015.