# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

JAMES G. LIPSCOMB

VERSUS

STATE OF LOUISIANA THROUGH
THE DEPARTMENT OF
TRANSPORTATION & DEVELOPMENT

NO. 2023 CW 1173

**JANUARY 18, 2024**

---

In Re:    State of Louisiana, through the Department of
          Transportation and Development, applying for
          supervisory writs, 19th Judicial District Court,
          Parish of East Baton Rouge, No. 667307.

---

**BEFORE:    GUIDRY, C.J., WELCH, CHUTZ, LANIER AND WOLFE, JJ.**

**WRIT GRANTED.** The trial court's August 16, 2023 judgment denying the exception of prescription filed by the State of Louisiana, through the Department of Transportation and Development, is reversed. Louisiana Revised Statute 23:303(D) expressly provides that the one-year prescription applicable to claims filed pursuant to the Louisiana Employment Discrimination Act shall be "suspended during the pendency of any administrative review or investigation" and shall last no longer than six months. The effect of a suspension of prescription is provided in La. C.C. art. 3472, which states "[t]he period of suspension is not counted toward accrual of prescription. Prescription commences to run again upon the termination of the period of suspension." Thus, plaintiff had, at most, 18 months from the occurrence forming the basis of his claim to file suit. **Briggs v. Florida Juvenile Justice Commission**, 2017-1189 (La. App. 1st Cir. 3/12/18), 244 So.3d 438. Plaintiff's claims regarding his alleged demotion on June 15, 2016, and his claims for failure to promote in August 2016, prescribed on December 15, 2017 and February 28, 2018, respectively. Plaintiff filed this action on March 15, 2018. Therefore, those claims are prescribed under the statute. We hereby grant the exception of prescription filed by State of Louisiana, Department of Transportation and Development for plaintiff's claims which occurred prior to September 15, 2016.

                              **WRC**
                              **WIL**
                              **EW**

      **Guidry, C.J.** and **Welch, J.**, dissent and would deny the writ.

COURT OF APPEAL, FIRST CIRCUIT

_____
DEPUTY CLERK OF COURT
     FOR THE COURT